```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

              Case No. 09-60013-Civ-DIMITROULEAS/Snow
```

J&J SPORTS PRODUCTIONS, INC.,

    Plaintiff,

  vs.

SIGFREDO GONZALEZ, RUBEN ARVELO,
and ELIZABETH SOTO, Individually
and as officers, directors,
shareholders, and/or principals of
BORINQUEYA INC., d/b/a BORINQUEYA
RESTAURANT, and BORINQUEYA, INC.,
d/b/a BORINQUEYA RESTAURANT,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the Defendant's Motion to Set Aside Plaintiff's Notice of Facts Deemed Admitted, for Leave to File Responses to Plaintiff's Request for Admissions (Docket Entries 31 and 32), which were referred to United States Magistrate Lurana S. Snow.

On July 31, 2009, the plaintiff served requests for admission on two defendants, Sigfredo Gonzalez, individually, and as an officer, director, shareholder and/or principal of Borinqueya, Inc., and Borinqueya Inc., d/b/a Borinqueya Restaurant. The defendants did not serve responses. On November 19, 2009, the plaintiff filed two Notices of Facts Deemed Admitted based on the failure of defendant Borinqueya, Inc., d/b/a Borinqueya Restaurant (DE 29) and defendant Sigfredo Gonzalez (DE 30) to respond to the

plaintiff's requests for admissions.  Attached to each notice is a letter dated September 30, 2009, to the defendant seeking the defendant's Rule 26(a) disclosures, and immediate responses to the plaintiff's interrogatories, request for production of documents and request for admissions.

On November 20, 2009, the defendants[1] filed the instant motion to set aside the Notice of Facts Deemed Admitted and asked the Court for leave to file responses to the requests for admissions.  Counsel states that the requests for admissions were part of a large packet which also contained several motions.  The office inadvertently filed the requests for admissions, which were among the other documents in the mailing, in the defendants' file.[2] Counsel states that the September 30, 2009, letters have not been received.  The defendants assert that they will suffer irreversible harm in framing their defense if they are not permitted to file responses to the requests for admissions. They contend the plaintiff will suffer no prejudice if the responses to the requests for admissions are served now. Attached to the motion

---

[1] The motion alternates between referring to the "defendant" and to the "defendants."  The Court deems the motion to be filed on behalf of both defendants.

[2] The motion is not clear about whether the motions, which the defendants say were served along with the requests for admissions, were part of the instant case or for a different case.  The docket sheet reveals that the plaintiff did not file any motions in the instant case between April 27, 2009, and December 16, 2009.

is the response to the plaintiff's request for admissions by Sigfredo Gonzalez, as Representative of Borinqueya, Inc.

The plaintiff's response to the motion notes that the motion does not include a response to the request for admissions by defendant Sigfredo Gonzalez, individually and as an officer, director, shareholder and/or principal of Borinqueya, Inc.  The plaintiff states that the defendants have never responded to any of the discovery requests served July 31, 2009,[3] and have offered no reasonable excuse excuse for their failure to serve a timely response to the requests for admissions.  The plaintiff will be prejudiced if the responses tp admissions are allowed to be served now, since the deadline for amending the complaint has long passed. The plaintiff asks the Court to deny both the motion to set aside the notices and the motion for an extension of time to repond to the requests for admissions.

The defendants did not file a reply in support of their motion.

The Notices of Facts Deemed Admitted were filed pursuant to Fed.R.Civ.P. 36 (a)(3), which provides that a "matter is admitted unless, within 30 days after bing served, the party to whom the request is directed serves in the requesting party a written answer or objection addressed to the matter and signed by

---

[3] However, the plaintiff did not file a timely motion to compel responses to the discovery requests.  S.D.Fla.R. 26.1.H.1.

the party or its attorney." *See*, DirecTV, Inc. v. Pahnke, 405 F.Supp.2d 1182, 1187 (E.D.Cal. 2005). Fed.R.Civ.P. 36(b) provides that the court may, on motion, permit the admission to be withdrawn or amended, "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

The Court finds that both sides have been dilatory in pursuing this litigation. The defendants have failed to provide any timely discovery responses. The plaintiff, by failing to file motions to compel responses to its interrogatories and requests for production of documents, has chosen to place great emphasis on the requests for admissions, which are deemed to be admitted by the defendants' failure to respond.

Previously, the Court, with the plaintiff's consent, set aside a default entered against the defendants when they failed to file an answer after the Court denied their motion to dismiss the complaint. Immediately after entry of the default, the defendants filed their answer with the motion to set aside the default. The Court noted that federal courts have a long-standing preference for resolving disputes on their merits.(DE 20)  Here, defendant Sigfredo Gonzalez, did not file a concurrent response to the request for admissions, and the plaintiff objects to granting both motions.

The Court finds that setting aside the notices would promote the presentation of the merits of the action. However, the Court finds that the plaintiff would be prejudiced in maintaining the action without the admissions, since the defendant failed to respond to any of the plaintiff's discovery requests. Accordingly, the defendant's motions will be denied. With the Court being fully advised it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion to Set Aside Plaintiff's Notice of Facts Deemed Admitted, for Leave to File Responses to Plaintiff's Request for Admissions (Docket Entries 31 and 32) is DENIED as to both requests.

DONE AND ORDERED at Fort Lauderdale, Florida, this 18th day of December, 2009.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
Brett Feinstein, Esq. (P)
Samuel Damon Lopez, Esq. (Ds)